## IN THE MATTER OF RESPONSIBILITY OF THE CABINET.

### OPINION OF THE JUSTICES OF THE SUPREME COURT TO THE KING.

The advice of a majority of the Cabinet must be followed by the Sovereign, though the Attorney-General be of opinion that the action so advised is unlawful. The Supreme Court having interpreted the Constitution and the laws (in the Opinion of April 10, 1890) to mean that advice of a majority of the Cabinet must be followed by the Sovereign, it is the duty of the Attorney-General to advise in accordance with such opinion.

DEPARTMENT OF THE JUDICIARY,

HONOLULU, H. I., April 17. 1890.

*Your Majesty :*

SIRE : In order to set out all that is connected with Your Majesty's questions in the letter of April 15th, we here transcribe it in full.

To Their Honors Our Chief Justice and the Associate Justices of Our Supreme Court.

SIRS : The action of a portion of Our Cabinet with reference to the commission of a new colonel of the Hawaiian Volunteers, leads me to submit to your consideration this question :

Should certain members of the Cabinet advise the Sovereign to do an act which the Law Advisor of the Government—himself a member of the Cabinet—declares to be contrary to the law of the land, is the Sovereign by law obliged to perform such an unlawful act, or has the Sovereign the power to refuse to violate the law if the action recommended by a majority of the Cabinet is unlawful ? I am in accord with you in your opinion that ordinarily the recommendation of a majority of the Cabinet

should be sufficient for my acceptance.  Does this apply to an occasion when the Attorney-General assures that the action proposed by a majority of the Cabinet involves a breach of law ? Who is the proper person to advise the Crown under such circumstances ?

The law prescribes among other duties of the Attorney-General that "said Attorney-General shall, when required, give his opinions upon questions of law submitted to him by the King, the Legislative Assembly, or the heads of any department ?" (Section 7, p. 317, Compiled Laws).

Be pleased to send me your reply to my questions at as early a date as possible.

Kalakaua.

### Opinion.

We submit in reply that the answer to these questions is substantially contained in the Opinion referred to, wherein we advised the Cabinet that a majority of the Cabinet was competent to act as and for the Cabinet, notwithstanding the dissent of one member, and in particular that the majority of the Cabinet was authorized to present to Your Majesty the commission of a colonel for signature.  We hereby advise Your Majesty that such is the case, although the dissenting member is the Attorney-General.  It is true that the Attorney-General is the Law Advisor of the Crown, and of his fellow members of the Cabinet. It is to be assumed that he has advised his colleagues of his view of the law in this case.  The Cabinet, however, officially present a certain commission for signature, and ask Your Majesty to perform the executive act of signing it.  They are responsible for this act in all respects, including the legality of it.

The view that the Attorney-General has then the authority to advise that the act shall not be performed, would constitute him a paramount power over the remainder and majority of the Cabinet, for to prevent an action, and not to act, are equivalent to positive action.

In so far as this in fact contravenes the formal Opinion of the Justices of the Supreme Court, it is an assertion of an authority

superior to it. But we submit that in the Supreme Court is vested the final authority for interpreting the law of the land.

The question of what constituted the authoritative Cabinet having been submitted in the constitutional form to the Court and decided, it is the duty of the Attorney General to advise in accordance with such decision.

Your obedient servants,

A. F. JUDD,
LAWRENCE MCCULLY,
RICH. F. BICKERTON.